865 F.2d 1268
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David KERSH, Plaintiff-Appellant,
v.
PAPERFOLD BINDARIES, INC.; Raymond M. Friend; Web Graphics
Inc.; Hartford Bindary; Peck Bindary; Norman
Andrews; Wanzie Collins; Ron Williams,
Defendants-Appellees.
 No. 88-1005.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1988.
 
 Before KEITH, KENNEDY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan state resident appeals the district court's dismissal of his diversity complaint filed pursuant to 28 U.S.C. Sec. 1332. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, plaintiff, president of Metro Money Savers, sued certain defendants in connection with the printing and binding of plaintiff's coupon booklets. Plaintiff asserted claims of breach of contract, breach of express and implied warranties, and fraudulent inducement. The district court granted the defendants' motion and dismissed the complaint as to eight of the defendants pursuant to Fed.R.Civ.P. 12(b)(2) finding that the court lacked personal jurisdiction over the defendants because there were insufficient contacts between the defendants and the forum state, Michigan. The district court also imposed monetary sanctions against the plaintiff because his jurisdictional allegations were not based upon reasonable inquiries. Plaintiff appealed the dismissal (Case No. 86-1600), and this court dismissed the appeal for lack of jurisdiction finding no Fed.R.Civ.P. 54(b) certification. After the remaining defendants settled, plaintiff filed the instant appeal.
 
 
 3
 Upon review, we affirm the district court's judgment. Initially, it is noted that this appeal concerns only six of the defendants, namely, Web Graphics, Collins, Williams, Hartford, Peck, and Andrews. Although the complaint originally named ten defendants, two of the defendants (Fuller and Flint) entered into a stipulation of voluntary dismissal; and, plaintiff does not seek to appeal the judgment as to Paperfold and Friend, as he did not name them in the notice of appeal and does not raise any argument in his brief concerning them.
 
 
 4
 Regarding the remaining six defendants, we conclude the district court properly dismissed the complaint for the reasons set forth in its memorandum opinion dated April 14, 1986.
 
 
 5
 Accordingly, the defendants' motion to dismiss is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.